IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
LARRY COCHRAN,                )
                              )
Plaintiff,                    )
                              )
vs.                           )    NO. 2:08-CV-306
                              )
JAMES T. MOODY, et al.,       )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Larry Cochran. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff, Larry Cochran, a *pro se* prisoner, brings this civil action against a number of Government Defendants arising out of his criminal conviction for possessing crack cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Cochran*, 2:06-CR-114 JM (N.D. Ind. filed July 20, 2006). Plaintiff alleges the assistant united states attorney prosecuting his criminal case, the district court judge assigned to the criminal case, the magistrate judge assigned to the case, the clerk of court, and the CJA panel attorney appointed to defend him, all conspired in an effort to find him guilty in his above-mentioned criminal case. Plaintiff seeks monetary damages, injunctive

relief, and a declaratory judgment that his federal criminal conviction is void. Cochran is currently serving a 405 month sentence for that conviction.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. There are many reasons why this case must be dismissed, but one is enough. Habeas corpus is the exclusive civil remedy for challenging the fact or duration of a sentence or seeking immediate or speedier release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The Supreme Court has explained that collaterally attacking criminal convictions through civil tort suits is inappropriate:

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. Furthermore, to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit. This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack.

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 484-486 (citations, quotation marks, ellipsis, sic, and footnotes omitted).

Though Cochran does not style this action as a malicious prosecution claim, nor as a 42 U.S.C. § 1983 claim, the familiar principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments is completely applicable to these claims, which he purports to bring pursuant to Rules 60(b)(3), (4), and (5) of the Federal Rules of Civil Procedure.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: October 27, 2008**             /s/RUDY LOZANO, Judge
                                        **United States District Court**